United States District Court
Southern District of Texas
FILED
AUG 12 2026
Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
ENTERED
August 12, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **EDGAR L. BRITT,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 7:22-CV-0218** |
| | § | |
| **MEDTRONIC, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## REPORT AND RECOMMENDATION

Plaintiff EDGAR L. BRITT, appearing pro se, brought this civil action against Defendant MEDTRONIC, INC., complaining that Defendant made misrepresentations about spinal implant products allegedly used in Plaintiff's previous neck surgery. Defendant moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure based on contentions—as supported by evidence and legal authority—that: (i) the complained-of spinal implant was not the type of implant used in Plaintiff's surgery; (ii) a medical grafting product used in the surgery was never marketed by Defendant for "off-label" use; (iii) responsibility for any off-label use of Defendant's products by Plaintiff's doctors did not incur liability on the part of Defendant; and (iv) Plaintiff's claims were barred by the applicable two-year statute of limitations insofar as Plaintiff's surgery occurred in October 2017 and he did not file suit until June 2022. (Dkt. No. 54). At a motion hearing held on December 14, 2023, the Honorable Ricardo H. Hinojosa, United States District Judge, orally granted the summary-judgment motion based on all grounds raised by Defendant, including the limitations bar.[1] Plaintiff, who personally appeared at the hearing, did not make any statements to suggest that he misunderstood the nature of the court's ruling. A

[1] Judge Hinojosa also noted that Plaintiff had filed dozens of lawsuits against various medical providers in relation to his surgery.

judgment for Defendant issued in March 2024, and the case was dismissed. (Dkt. No. 63). Plaintiff did not file a notice of appeal.

Now, more than two years after the entry of judgment, Plaintiff has filed a pro se *Motion to Reinstate Case on Docket* (the "Motion") (Dkt. No. 64) on what appears to be a standardized legal form. Through the Motion, Plaintiff represents that he was "completely unaware of the dismissal [of this case] until last month" and was under the impression that judgment had been entered in his favor. (*See id.* at 1). According to Plaintiff, "Judge Hinojosa requested [that] [defense counsel] . . . complete and turn in the final judgment . . . on [Plaintiff's] behalf." (*Id.*).

That said, Plaintiff fails to offer any legal authority or substantive argument in support of "reinstating" his case. Pursuant to Rule 60 of the Federal Rules of Civil Procedure, a court may relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered with reasonable diligence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Plaintiff cites none of these reasons. Instead, Plaintiff offers an inaccurate view of the nature of the court's ruling in favor of Defendant.

## CONCLUSION

### *Recommendation*

For these reasons, the Magistrate Judge RECOMMENDS that the Motion (Dkt. No. 64) be DENIED.

### *Objections*

Within fourteen (14) days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed.

R. Civ. P. 72(b). Failure to file written objections within fourteen (14) days after service shall bar an aggrieved party from de novo review by the District Judge on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Judge, except on grounds of clear error or manifest injustice.

***Directive to Clerk of Court***

The Clerk is DIRECTED to update Plaintiff's mailing address (*see* Dkt. No. 64 at 4) and send Plaintiff a copy of this report by any receipted means.

DONE at McAllen, Texas this 12th day of August 2026.

J. SCOTT HACKER
United States Magistrate Judge